UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-52 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| CHRISTIAN BOWMAN, | |
| Defendant. | |

This matter is before the Court on Defendant Christian Bowman's Motion for Compassionate Release. Dkt. #138. Mr. Bowman is currently incarcerated at the Federal Detention Center ("FDC") in SeaTac, Washington. Dkt. #143 at 5. His incarceration follows his guilty plea to one count of conspiracy to distribute controlled substances. Dkt. #101 at 1 (charged under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846). On September 27, 2019, Mr. Bowman was sentenced to 72 months in prison, *id.*, and has a projected release date in April 2024. Dkt. #143 at 5.

Mr. Bowman has suffered from congestive heart failure since at least September 20, 2018. Dkt. #138 at 3. He currently receives medical care for congestive heart failure and

ORDER – 1

hyperlipidemia.[1]  *Id.*  After Mr. Bowman learned that these conditions placed him at a heightened risk of harm from COVID-19, he sought compassionate release from FDC's Warden.  Dkt. #133 at 1–2.  When his request went unanswered, he asked this Court to appoint him counsel.  *Id.*  The Court granted the request, Dkt. #135, counsel was appointed, Dkt. #136, and the pending Motion for Compassionate Release followed.  Dkt. #138.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction including a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  The reach of those limited circumstances was recently expanded by the First Step Act of 2018 and prisoners are now allowed to directly petition district courts for compassionate release after exhausting administrative remedies:[2]

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[1] Defendant characterizes the condition as "abnormally high levels of lipids in the blood; which increases the risk of stroke."  Dkt. #138 at 3.

[2] Here, the Government does not challenge Mr. Bowman's assertion that he has properly exhausted his administrative remedies prior to seeking relief from this Court.  Dkt. #143 at 11.

ORDER – 2

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). The defendant bears the burden of establishing circumstances justifying compassionate release. *Riley v. United States*, Case No. 19-cv-1522JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).

The applicable, and referenced, Sentencing Commission policy statements further specify that a district court should consider reduction of a sentence only where, "after considering the factors set forth in 18 U.S.C. § 3553(a)," "[e]xtraordinary and compelling reasons warrant the reduction," and "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." United States Sentencing Guidelines ("USSG") § 1B1.13.[3] In the application notes for the policy statement, the Sentencing Commission indicates that extraordinary and compelling reasons may be based on at least the medical condition of the defendant, the age of the defendant, or the family circumstances of the defendant or, as a "catch-all," for other reasons. USSG 1B1.13 cmt. n.1. Here, Mr. Bowman only seeks to establish that his medical condition presents an extraordinary and compelling reason justifying release. Dkt. #138.

Faced with the rapid spread of COVID-19 through the country's prison systems and a resultant influx of compassionate release requests, courts have struggled to analyze COVID-related motions within the existing policy statement. While the policy statement notes address a defendant's "medical condition" as a basis for release, many courts have determined that the criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when

---

[3] The policy statement also reiterates that the reduction should be "consistent with this policy statement." USSG 1B1.13(3).

ORDER – 3

evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, Case No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding nature of the notes to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

Mr. Bowman has congestive heart failure and hyperlipidemia and submits medical records supporting his conditions. Dkts. #138 and #139. The Government largely concedes that Mr. Bowman's medical condition *could* be an extraordinary and compelling justification for release because, under CDC guidelines, these conditions place him at a higher risk of serious illness should he contract COVID-19. Dkt. #143 at 12–16; *see also*, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 14, 2020). The Government instead focuses on whether Mr. Bowman's condition, considering COVID-19, presents a risk of harm compelling enough that the Court *should* exercise its discretion to reduce Mr. Bowman's sentence.

The Court ultimately agrees that Mr. Bowman has not carried his burden to establish extraordinary and compelling reasons justifying his release. Mr. Bowman does little to quantify the risk he faces should he remain incarcerated—or contrast it to the risk he faces if released. *See Powers*, 2020 WL 3605748 (concluding that risks were too ill-defined to be extraordinary or

ORDER – 4

compelling). Nor does Mr. Bowman assert that he is receiving inadequate medical care or that his conditions are not currently well controlled. Mr. Bowman also does not establish that BOP has failed to control the spread of COVID-19 within the facility. And Mr. Bowman presents no case where a court found extraordinary and compelling reasons under similar conditions.

Conversely, the Government provides several reasons that Mr. Bowman's medical condition should not be considered extraordinary and compelling in this circumstance. Mr. Bowman's conditions were brought about, at least in part, by his regular use of methamphetamine. Dkt. #143 at 12. Further, while Mr. Bowman has received some treatment for his medical conditions while incarcerated, he has not pursued all medically indicated treatment. *Id.* at 5–7. The Court finds that Mr. Bowman's medical condition, in light of COVID-19, is not sufficiently extraordinary or compelling to justify release.

While that conclusion can end the Court's consideration, the Court briefly notes that Mr. Bowman also fails to establish that he is "not a danger to the safety of any other person or the community." As the Government notes, Mr. Bowman's history of drug use and trafficking call into question whether he is likely to return to that lifestyle if released. *Id.* at 12, 15–16 (noting that Mr. Bowman's first federal charge stemmed from his continued illegal activity after acting as a confidential source against his co-conspirators and that he returned to drug use almost immediately after being released from the hospital for congestive heart failure and shortly after graduating from the Court's DREAM program). Mr. Bowman was sentenced to seventy-four months less than a year ago. Mr. Bowman points to nothing, beyond his time and reflection, to support his assertions that he will not return to a lifestyle that endangers the community, especially during the ongoing COVID-19 pandemic. *See id.* at 15 (noting dangers drug use poses the community). The Government aptly notes the discrepancy: "The defense (again) . . . rehash[es] arguments this Court did not accept at [Mr. Bowman's] sentencing hearing and

ORDER – 5

should not accept now." Dkt. #143 at 14–15.  In short, Mr. Bowman does not present anything new that alters the balance the Court struck in initially sentencing him.

Accordingly, having reviewed the motion, supporting documentation, relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #138, is DENIED.

Dated this 14th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6